IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| Plaintiff, | § § § |
| v. | §  CIVIL ACTION NO. 4:19-cv-02218 |
| | § |
| ELEMENT PLASTICS MFG., LLC, | § § |
| Defendant. | §  **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT
## OF THE
## UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex and retaliation, and to provide appropriate relief to Patricia Carmona Garcia ("Garcia"), female.  As alleged with greater particularity in paragraphs 13 through 15 below, Defendant Element Plastics Mfg., LLC, has engaged in unlawful discrimination by subjecting Garcia to sex discrimination (a sexually hostile work environment and sexual harassment) and firing her in retaliation for her having complained about the sexual harassment.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of the statute, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Element Plastics Mfg., LLC ("Element Plastics" or "Defendant"), has continuously been a Texas corporation doing business in the State of Texas, in the City of Sugar Land, County of Fort Bend, including at the address of 1601 Gillingham Lane, Suite 140, Sugar Land TX 77478, and has continuously had, or during the relevant time period had, at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

6. Defendant's registered agent for service of process is Harmony Quan, located at 10702 Cash Rd., Stafford, Texas 77477.

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, a charge of discrimination was filed with the Commission by Garcia, alleging violations of Title VII by Defendant.

8. On June 29, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On February 15, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least December 2016, Defendant has engaged in unlawful employment practices, including at the address of 1601 Gillingham Lane, Suite 140, Sugar Land TX 77478, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Garcia to a hostile work environment based on sex. Defendant's unlawful policies and practices include, but are not limited to, severe and/or pervasive sexual harassment of Garcia consisting of unwelcome comments, sexual propositions, and physical touching by a higher-level employee. For example, the harasser repeatedly asked Garcia for a picture of herself in a bikini that he intended to use for his own sexual gratification which he described in graphic detail. Garcia repeatedly refused to provide the requested picture and otherwise resisted the harasser's advances. Further, the harasser inappropriately touched Garcia without her consent, including, but not necessarily limited to, spanking her, hugging her, and attempting to hold her hands. He also repeatedly stated to Garcia and other employees that he intended to date Garcia once she turned 21. All of these actions were unwelcomed by Garcia and they contributed to the severe and/or pervasive sexually hostile environment in which she was required to work.

14. Defendant failed to exercise reasonable care to prevent and correct the sexual harassment of Garcia by a supervisor and a tangible employment action was taken against Garcia. Defendant is

vicariously liable for the unlawful harassment of Garcia. In the alternative, Defendant knew of the unlawful harassment and failed to take prompt remedial action to correct it.

15. Since at least December 2016, Defendant has engaged in unlawful employment practices, including at the address of 1601 Gillingham Lane, Suite 140, Sugar Land TX 77478, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Garcia, including terminating her employment, for engaging in protected activity by opposing practices made unlawful by Title VII. Garcia engaged in protected activity by complaining about the unlawful sexual harassment and hostile work environment to her direct supervisor and another manager, and otherwise opposing the actions of the harasser. One week before she made the harassment complaint Garcia was given a raise of more than 14% for good performance and was assigned additional duties. Approximately one month after she made the complaint, however, she was terminated. But for her complaint, Garcia would not have been terminated.

16. The effect of the practices complained of in paragraphs 13 through 15 above has been to deprive Garcia of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female, and for engaging in activity protected by Title VII.

17. The unlawful employment acts, omissions and practices complained of in paragraphs 13 through 15 above have been and are intentional.

18. The unlawful employment practices complained of in paragraphs 13 through 15 above have been and are done with malice or with reckless indifference to the federally protected rights of Garcia.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on sex and for engaging in a protected activity.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Garcia, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Garcia by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant to make whole Garcia by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-15 above, including pay losses and job search expenses, in amounts to be determined at trial.

E.    Order Defendant to make whole Garcia by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 13-15, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Order Defendant to pay Garcia punitive damages for its malicious and reckless conduct described in paragraphs 13-15 in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507


 /s/ Connie W. Gatlin
CONNIE WILHITE GATLIN
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
U.S. Equal Employment Opportunity Commission
1919 Smith St., 6th Floor
Houston, Texas 77002
(713) 651-4976
(713) 651-7995 [facsimile]
connie.gatlin@eeoc.gov



OF COUNSEL:

RUDY SUSTAITA
Regional Attorney
U.S. Equal Employment Opportunity Commission
1919 Smith Street, 6th floor
Houston, Texas 77002