United States District Court
Southern District of Texas
**ENTERED**
January 27, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-02218 |
| ELEMENT PLASTICS MFG., LLC, | § § § | |
| Defendant. | § | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the U.S. Equal Employment Commission ("EEOC" or "Plaintiff") and Element Plastics Mfg. LLC ("Element Plastics" or "Defendant") (Plaintiff and Defendant are collectively referred to herein as "the Parties"), with regard to the EEOC's Complaint (the "Complaint"), filed in the above-entitled Civil Action No. 4:19-cv-02218, in the United States District Court for the Southern District of Texas, Houston Division (the "Lawsuit"). The Complaint was based on a Charge of Discrimination (the "Charge") filed by Patricia Carmona Garcia ("Garcia" or "Charging Party") against Defendant under Charge No. 460-2017-03695.

I.

The above-referenced Complaint filed by the EEOC alleges that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, by subjecting Charging Party to sexual harassment and retaliation because she made a complaint about the harassment. In addition to the relief provided by Title VII, Plaintiff is seeking

1

EXHIBIT 1

compensatory and punitive damages for Charging Party as authorized by the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Defendant denies the claims and allegations alleged in the Charge and Complaint, and this Decree shall not constitute an admission of liability.

The Parties agree to compromise and settle the differences embodied in the Charge and Complaint and intend that all the terms and conditions of the compromise and settlement between the Parties be set forth in this Consent Decree ("Decree").

II.

In consideration of the mutual promises and agreements set forth in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows and the Court ORDERS that:

1. This Decree resolves all issues raised by the Charge, the Complaint and this Lawsuit. The EEOC waives any further claims and/or litigation on all issues raised in the above-referenced Charge and Complaint, other than any litigation filed to enforce the terms of this Decree. However, this Decree in no way affects the EEOC's right to process and/or litigate charges of discrimination against Defendant other than the above-referenced Charge, and the EEOC makes no waiver of such right.

2. The Parties agree that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper in this Court, and that all administrative prerequisites have been satisfied.

3. The Parties agree that the term of this Decree shall be two (2) years, which will commence on the date this Decree is entered by this Court.

2

EXHIBIT 1

4. Defendant is hereby enjoined from engaging in, promoting, or knowingly allowing employees in its workplace to be subjected to sex discrimination and/or sexual harassment which violates Title VII.

5. Defendant is enjoined from retaliating against any individual who, in good faith, complains about or opposes conduct which he or she reasonably believes may violate Title VII, including by making an internal complaint of discrimination, harassment, or retaliation on his or her own behalf or on behalf of another, filing a charge of discrimination with the EEOC or other relevant agency, providing information to the EEOC or other relevant agency, assisting in any manner in any proceeding challenging discriminatory practices, or otherwise opposing what he or she reasonably believes to be discrimination, harassment, or retaliation.

6. Defendant agrees to pay Garcia the total sum of Thirty-Five Thousand and no/100 Dollars ($35,000) (the "Settlement Amount") in full and final settlement of all claims which were or could have been raised in the Charge or the Lawsuit in the form of two (2) personal or business checks, money orders, cashier's checks, or other bank-guaranteed notes (the "Settlement Checks"), as set forth at paragraphs 7-8 below.

7. The sum of Five Thousand and no/100 Dollars ($5,000.00) of the total Settlement Amount is intended by the Parties to compensate Garcia for back pay and/or lost wages, and thus, shall be subject to withholding of applicable federal payroll and income taxes, and shall be paid by a separate Settlement Check, other than that described in paragraph 8 below, made payable to Patricia Carmona Garcia.

8. The sum of Thirty Thousand and no/100 Dollars ($30,000.00) of the total Settlement Amount is intended by the Parties to compensate Garcia for losses associated with her

claims against Defendant, including, but not necessarily limited to, compensatory damages for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, and mental anguish, and shall be paid in one lump sum by a separate Settlement Check, other than that described in paragraph 7 above, made payable to Patricia Carmona Garcia. As such, this Settlement Check shall not be subject to any withholdings of any taxes.

9. Within fifteen (15) days of the entry of this Decree, Defendant shall deliver the Settlement Checks described in paragraphs 7-8 above directly to the Charging Party at the address provided by the EEOC by overnight mail through the U.S. Postal Service, the United Parcel Service, Federal Express, or a comparable service provider, at Defendant's cost or expense. Within five (5) business days of the delivery of the Settlement Checks to the Charging Party, a copy of each Settlement Check shall be provided to the EEOC.

10. If Defendant fails to timely pay either Settlement Check, as specified in paragraphs 7-9 above, or to otherwise comply with those paragraphs, the payment shall be considered as past due and the EEOC shall be authorized to seek relief for such failure and for enforcement of this Decree in the United States District Court, with five (5) business days-notice to and an opportunity to cure by Defendant. If any such Settlement Check described in paragraphs 7-8 above is returned by Defendant's financial institution as unpaid for any reason, including insufficient funds, the payment shall be considered to be past due and all available remedies for past due payments set forth in this paragraph shall accrue to the EEOC.

11. In the event any Settlement Check described in paragraphs 7-8 above is not timely paid, as described in paragraph 9 above, interest shall immediately accrue on the relevant portions(s) of the Settlement Amount at the then-current IRS penalty rate and shall be immediately

EXHIBIT 1

owed to the Charging Party by Defendant. Interest shall accrue at the referenced rate in an amount of no less than thirty (30) days for each period of delinquency of one (1) to thirty (30) days and each subsequent period exceeding thirty (30) days.

12. The Parties recognize that all or any portion of the Settlement Amount may be subject to federal income taxes in addition to the withholding specified at paragraph 7 above. Charging Party shall be responsible for paying all additional taxes owed. For the sum of back pay subject to withholding referenced in paragraph 7, Defendant shall issue and deliver to Garcia an individual Internal Revenue Service Form W-2 by January 31st of the year following the payment of the Settlement Checks. For the sum set forth in paragraph 8 representing non-pecuniary, compensatory, and other damages, Defendant shall issue and deliver to Garcia an individual Internal Revenue Service Form 1099 by January 31st of the year following the payment of the Settlement Checks.

13. Charging Party has executed a Release of Claims, in which she has, in consideration for receipt of the Settlement Amount, agreed to waive her right to recover for any claims of sex discrimination, including sexual harassment, and retaliation under Title VII prior to the date of the release and that were included in the claims alleged in the Lawsuit. The Release of Claims is appended hereto as **Exhibit "A"** and is incorporated herein.

14. Defendant shall post in the workplace one or more copies of the Notice appended hereto as **Exhibit "B,"** which includes the requirements of Title VII and its prohibitions against sex discrimination, including sexual harassment, and retaliation. The Notice shall be at least 8½ by 11-inches in size and shall be signed by Defendant's owner or another designated top officer or official of Element Plastics. The Notice shall be conspicuously posted in Defendant's workplace

EXHIBIT 1

in at least one location readily and normally accessible to employees and frequented by employees. The Notice may be posted in multiple locations. The posting(s) of the Notice shall be accomplished within thirty (30) days after entry of this Decree. The Notice shall remain posted at all times in at least one such location for the full term of this Decree.

15. Defendant shall hand-deliver the Notice referenced in paragraph 14 above to each current employee of Defendant not later than thirty (30) days after entry of this Decree. Thereafter, Defendant shall provide a copy of the Notice to each new or rehired employee, and to any employee, applicant, vendor, or other individual who makes a verbal or written complaint of discrimination, harassment, or retaliation or who requests a copy of the Notice.

16. Within five (5) business days following the posting(s) described in paragraph 14 and the distribution of the Notice to current employees described in paragraph 15, Defendant shall certify to the EEOC in writing that both such requirements have been accomplished and shall specify the location(s) in which the Notice has been posted.

17. Within sixty (60) days after the entry of this Decree, Defendant shall implement, and thereafter, maintain and enforce, policies, to be approved by the EEOC, which prohibit workplace discrimination, including sex discrimination, sexual harassment, and retaliation as proscribed by Title VII. The policies shall include a warning to all managers, supervisors, officers, human resources personnel, and employees that failure to comply with Defendant's policies, procedures, and guidelines regarding discrimination, harassment, and retaliation may be grounds for serious discipline, up to and including suspension, demotion, or discharge.

18. Within sixty (60) days after the entry of this Decree, Defendant shall implement, and thereafter, maintain and enforce, complaint procedures, to be approved by the EEOC, setting

forth an easy, safe, and effective path for an employee, applicant, vendor, or other individual to make an internal complaint of discrimination, harassment, or retaliation. The procedures shall include Defendant's designation of appropriate personnel to receive and process complaints.

19. Within seventy-five (75) days after the entry of this Decree, Defendant shall develop and implement, and thereafter, maintain and enforce, effective guidelines, to be approved by the EEOC, to be utilized by Defendant in investigating internal complaints of discrimination, harassment, and retaliation. The guidelines shall include a designation by Defendant of appropriate personnel to conduct investigations under the guidelines.

20. The policies, procedures, and guidelines referenced in paragraphs 17-19 above shall be submitted by Defendant to the EEOC for review within the time period prescribed by each paragraph. Defendant shall make such changes to the policies, procedures, and guidelines, if any, as mandated by the EEOC within ten (10) days of receipt. Thereafter, the policies and complaint procedures shall be distributed to employees, with Defendant notifying the EEOC of the distribution within five (5) business days following the distribution.

21. All managers, supervisors, officers, human resources personnel, and employees of Defendant shall be required to attend training on Title VII's prohibitions against discrimination, harassment, and retaliation. The initial training session for managers, supervisors, officers, and human resources personnel shall be of no less than two (2) hours in duration, and all additional training sessions for these individuals shall be of no less than one (1) hour in duration. All training sessions for non-management/non-supervisory employees shall be of no less than one (1) hour in duration. The initial training sessions shall be conducted within ninety (90) days after the entry of this Decree with additional sessions to be conducted every six months thereafter for the term of

this Decree. Following the initial training sessions, the training for managers, supervisors, officers, and human resources personnel may be conducted simultaneously with the training for non-management/non-supervisory employees so long as all managers, supervisors, officers, and human resources personnel are specifically advised of their duties and responsibilities under Defendant's anti-discrimination policies, procedures, and guidelines referenced in paragraphs 17-19 above.

22. At least thirty (30) days prior to the initial training sessions described in paragraph 21 above, Defendant shall provide to the EEOC the name of the instructor(s) conducting the training sessions, his or her (or their) title(s) or affiliation(s), and his or her (or their) qualifications for conducting the training, as well as a copy of the curriculum(s) to be utilized. If the EEOC notifies Defendant during the thirty (30) day period between receipt by the EEOC and the initial training sessions that it does not approve the instructor(s) and/or the curriculum(s), Defendant shall have fifteen (15) days thereafter to submit information pertaining to a new instructor(s) and/or curriculum(s) for approval by the EEOC. If the instructor(s) and/or curriculum(s) utilized for any future training session changes, Defendant shall submit this information to the EEOC for review and approval in the same manner and within the same timeframes described in this paragraph.

23. No more than thirty (30) days after each training session described in paragraph 21 above is conducted, Defendant shall provide to the EEOC a written acknowledgment of the training by each and every individual attendee. Defendant may utilize a group sign-in sheet for this purpose.

24. Within fifteen (15) days after the entry of this Decree, Defendant shall remove from all personnel files pertaining to Charging Party all documents, entries, and references relating to Charge, the Lawsuit, the Decree and the facts and circumstances which form the basis for the

Charge, the Lawsuit, and the Decree. Any such records shall be maintained by Defendant, if at all, in a separate, confidential file or files. Defendant shall report to the EEOC within thirty (30) days after the entry of this Decree that it has complied with this paragraph.

25. If contacted for a job reference by a prospective employer of Garcia, Defendant shall provide a neutral job reference which includes Charging Party's dates of employment, the position(s) she held, and her final rate of pay. Defendant may not indicate that Charging Party was terminated or left employment with Defendant involuntarily or under any negative circumstances, or that that she is ineligible for rehire.

26. During the term of this Decree, the EEOC shall have the right, upon notice to Defendant of at least three (3) business days, to enter onto and inspect Defendant's premises to ensure compliance with this Decree and the federal anti-discrimination laws the EEOC enforces.

27. Defendant shall provide a written compliance report to the EEOC on or before December 1, 2020 and on or before December 1, 2021, but not more than thirty (30) days prior to each of these dates. These two reports shall be separate from and in addition to the specific reports, notices, and acknowledgments otherwise required by this Decree, and shall set forth Defendant's compliance efforts by reference to each numbered paragraph of this Decree. Defendant shall identify each Decree provision as to which there has not been full compliance and in each case Defendant shall explain the reason(s) for non-compliance and shall specify its plan to assure compliance with the relevant provision(s), indicating a date by which compliance will be reached.

28. During the term of this Decree and while any requirements mandated by this Decree remain in effect, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate. For any breach alleged

by the EEOC, other than non-payment of any portion of the Settlement Amount (for which the EEOC may seek relief pursuant to paragraph 10 of this Decree), the EEOC will provide notice to Defendant of the breach who will then have ten (10) business days for the opportunity to investigate and cure such breach. Should the parties be unable to resolve a breach or other dispute regarding this Decree, and/or the EEOC assesses that compliance has not been achieved, the EEOC is specifically authorized to seek Court-ordered enforcement of this Decree. The EEOC also reserves the right to seek contempt sanctions for non-payment and/or other non-compliance with this Decree.

29.     This Decree shall be binding on Defendant, all present and future directors, officers, managers, agents, successors and assigns of Defendant, and all successors-in-interest to the business owned or managed by Defendant. Therefore, Defendant shall notify all such successors-in-interest or potential successors-in-interest of the existence and terms of this Decree by providing them with a copy of the Decree prior to any sale, acquisition, or merger of the company. This paragraph shall not limit any remedies available pertaining to a violation or breach of this Decree.

30.     Neither the EEOC nor Defendant shall contest the validity of this Decree nor the retained and continuing jurisdiction of the U.S. District Court to enforce this Decree and to permit entry of such further orders or modifications the Courts finds necessary or appropriate.

31.     All reports, notices, and acknowledgments required by this Decree to be provided to the EEOC shall be sent to Connie W. Gatlin, Senior Trial Attorney, or her designee, at the Equal Employment Opportunity Commission, 1919 Smith St., 6th Floor, Houston, Texas 77002, connie.gatlin@eeoc.gov, by U.S. mail or email or by utilizing the particular format or method specified in the relevant paragraph of this Decree or otherwise designated by the EEOC.

32. All time period(s) referenced in this Decree shall be measured in calendar days unless otherwise noted.

33. If any provision of this Decree is held to be invalid, the remaining provisions shall remain enforceable.

34. Each party to this action shall bear its own costs and attorney's fees.

SO ORDERED, ADJUDGED AND DECREED this **25** day of January, 2020.

_____
THE HONORABLE DAVID HITTNER
UNITED STATES DISTRICT COURT JUDGE


APPROVED AND ENTRY REQUESTED:


FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:


/s/ Connie W. Gatlin
CONNIE W. GATLIN,
Senior Trial Attorney
Texas Bar No. 00792916
S. D. Tex. No. 23624
Equal Employment Opportunity Commission
Houston District Office
1919 Smith St., 6th Floor
Houston, Texas 77002
 (346) 327-7710 (direct)
 (713) 651-7995 (fax)
connie.gatlin@eeoc.gov


11

EXHIBIT 1

FOR DEFENDANT ELEMENT PLASTICS MFG. LLC:

<u>/s/ Lionel Martin, by permission CWG</u>
LIONEL MARTIN
Texas Bar No. 24037032
S. D. Tex. No. 31342
Garcia-Martin & Martin, PC
10701 Corporate Drive, Suite 350
Stafford, Texas 77477
(281) 277-3066
(281) 277-3067 (fax)
lmartin@mgmartinlaw.com

EXHIBIT 1

## RELEASE OF CLAIMS

In consideration for the sum of Thirty-Five Thousand and no/100 Dollars ($35,000.00) paid to me by Element Plastics Mfg., LLC, in connection with the Resolution of *Equal Employment Opportunity Commission (EEOC) v. Element Plastics Mfg., LLC*, Civil Action No. 4:19-cv-02218, In the United States District Court for the Southern District of Texas, Houston Division, I waive my right to recover for any claims of sex discrimination, including sexual harassment, and retaliation arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., that I had against Element Plastics Mfg., LLC prior to the date of this release and that were included in the claims alleged in the EEOC's Complaint in *Equal Employment Opportunity Commission v. Element Plastics Mfg., LLC*, Civil Action No. 4:19-cv-02218, In the United States District Court for the Southern District of Texas, Houston Division.

Date: 12/11\2019    Signature: _____

Printed Name: Patricia C Carmona Garcia

EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

Mickey Leland Building
1919 Smith Street, 7th Floor
Houston, TX 77002
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Houston Direct Dial: (346) 327-7700
FAX (713) 651-4902
Website: www.eeoc.gov

## NOTICE TO THE EMPLOYEES OF ELEMENT PLASTICES REGARDING EMPLOYMENT DISCRIMINATION, SEXUAL HARASSMENT, AND RETALIATION PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. Federal law prohibits discrimination or harassment against any employee or applicant for employment with respect to hiring, compensation, promotions, or other terms, conditions or privileges of employment because of the applicant or employee's race, sex, color, religion, national origin, age, disability, or genetic information.

2. Sex discrimination includes sexual harassment which includes harassment based on sex and harassment of a sexual nature. A more detailed description of sexual harassment and Element Plastics' prohibitions against such harassment is set forth in the company's Employee Handbook which an employee may receive by requesting a copy from his or her manager or supervisor or from Element Plastics' human resources official or representative.

3. Federal law also prohibits retaliation against any employee or applicant who, in good faith, exercises his or her right to resist, complain about and/or otherwise oppose what he or she reasonably believes is unlawful discrimination, including sex discrimination and sexual harassment. It is illegal under Federal law for an employer to take any adverse employment action against an employee or applicant because he or she has made a complaint of discrimination, harassment, or retaliation on his or her own behalf or on behalf of another, filed a charge of discrimination with the EEOC or other relevant agency, provided information to the EEOC or other relevant agency, assisted or participated in any manner in any proceeding challenging discriminatory practices, or otherwise opposed what he or she reasonably believes is discrimination, harassment, or retaliation.

4. Element Plastics supports and complies with Federal law in all respects, and will not engage in any employment discrimination, including discrimination based on sex and sexual harassment, and will not retaliate against any employee or applicant who, in good faith, makes a complaint of discrimination, harassment, or retaliation on his or her own behalf or on behalf of another, files a charge of discrimination with the EEOC or other relevant agency, provides information to the EEOC or other relevant agency, assists or participates in any manner in any proceeding challenging discriminatory practices, or otherwise opposes what he or she reasonably believes is discrimination, harassment, or retaliation.

5. Within 30 days of the posting of this notice, Element Plastics will hand-deliver a copy of the notice to every current employee, and thereafter, to each new or rehired employee when starting employment, or to any individual who makes a verbal or written complaint of discrimination, harassment, or retaliation. An employee, applicant, vendor or other individual may receive a copy of the notice at any time by requesting it from Element Plastics' human resources official or representative. An employee may also request a copy of the notice from his or her manager or supervisor.

6. Any applicant or employee who wishes to complain of illegal discrimination or retaliation is advised to report such conduct to Element Plastics' _____. If any employee has a complaint concerning this individual or is otherwise uncomfortable making a complaint to this individual, please contact _____ at (___) ___-____.

7. Employees or applicants who believe they have been subjected to illegal employment discrimination or retaliation are also encouraged to contact the EEOC at 1919 Smith St., 6th Floor, Houston, TX 77002, (800) 669-4000 or (346) 327-7700, www.eeoc.gov.

SIGNED this _____ day of _____, 2020.

_____
Printed Name:
Title: